## Worth v. Lititz Borough Zoning Hearing Board

*Brubaker & Brubaker*, for appellants.
*Shirk, Reist & Buckwalter*, contra.

BUCHER, J., June 9, 1975—This is a zoning case. The matter before the court is a motion to quash the appeal of certain protestants who opposed the granting of a special exception for the operation of a barber shop.

Intervenor, Monroe C. Wonder, to whom the special exception was granted, bases his motion to quash on the holding of this court in Krisanosky v. New Holland Borough, 65 D. & C. 2d 464 (1974). In Krisanosky, the court held that one protesting the grant of a variance to an adjoining landowner had to proceed under section 1007 of the Municipalities Planning Code of June 1, 1972, P.L. 333 (No. 93), 53 PS §11007, and that he does not come within the provisions of section 1006(3)(b) of the code. The court found that Krisanosky was not a "party aggrieved" simply by virtue of his having appeared at the hearing as a protesting witness. In the instant case, the protestants did everything required to make themselves parties to this proceeding. See section 908 of the code. For this reason alone, the cases are distinguishable and the appeal must be allowed.

The court takes this opportunity to overrule and disapprove language in Krisanosky that supports the proposition that an adjoining landowner can never be a "party aggrieved" as distinguished from a "person aggrieved." The true purpose of section 1007 of the code appears to provide a method whereby a person who considers himself aggrieved by a use permitted on another's land can *initiate* a challenge to that use. Those cases, such as the application for a special exception involved here, which are initiated by the landowner appear to be

governed by section 1006 of the code. See Ryan, Pennsylvania Zoning Law and Practice, §9.5.2(3) and (4).

Section 1006(3)(b) of the code provides that appeals to court from any decision of the zoning hearing board may be taken by any party aggrieved by appeal filed within 30 days after notice of the decision is issued. The record before us indicates that appellants are parties aggrieved.

And now, June 9, 1975, the motion to quash the appeal is denied.